**SCHIFFMAN LAW OFFICE, P.C.**
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jim B. Schmedding,<br><br>                        Plaintiff,<br>vs.<br><br>Hartford Life and Accident Insurance Company; The Long-Term Disability Plan of Medcath, Incorporated,<br><br>                        Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, Jim B. Schmedding ("Schmedding") alleges as follows:

**JURISDICTION AND VENUE**

1. Schmedding is a resident of Maricopa County, Arizona.

2. Defendant Hartford Life and Accident Insurance Company ("The Hartford") is an insurance company incorporated in Delaware, with its principal place of business in Hartford, Connecticut. The Hartford is authorized to do business in Maricopa County, Arizona.

3. Defendant Long-Term Disability Plan of Medcath, Incorporated is a purported ERISA benefit plan established and maintained by Medcath Incorporated ("MedCath") for the benefit of its employees. The Plan includes long-term disability benefits ("LTD"). Medcath is the Plan Administrator.

4. Medcath is a Plan Fiduciary as that term is defined by ERISA.

5. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and The Hartford have caused events to occur in Arizona out of which Schmedding's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

8. The Hartford pays for and administers the Plan's LTD benefits.

9. The Hartford is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the Plan's LTD benefits.

## GENERAL ALLEGATIONS

10. The Hartford provided certain employees with LTD benefits pursuant to the Plan.

11. Under the terms of the LTD benefit, Schmedding is entitled to benefits for the first 24 months when The Hartford determines he is unable to perform one or more of the duties essential of his own occupation.

12. After the first 24 months of disability, Schmedding is considered disabled if he is unable to work in any reasonable occupation solely because of a disease or injury. The Plan defines reasonable occupation as any gainful activity for which Schmedding is qualified by education, training or experience.

13. At all relevant times, Schmedding was a Medcath employee, became a covered individual under the Plan, and remained continuously employed until his disability rendered him unable to work in his regular occupation as an Surgical Technician on October 23, 2009.

14. The material and substantial duties of Schmedding's occupation or any occupation that he is unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour work week;
- Ability to work a full day due to joint and low back pain;
- Ability to work due to difficulty standing and walking for more than an hour at a time;
- Ability to focus and concentrate due to chronic pain.

15. Schmedding sustained severe trauma in a car accident on October 23, 2009 and as a result has experienced SI joint pain on the right side, neuropathy in both legs, and pain in his right shoulder.

16. Schmedding became disabled on October 23, 2009 and remains disabled from his own occupation and from any occupation for which he is qualified based on education, training or experience and for which he could earn 60% of his pre-disability earnings.

17. The Hartford initially denied Schmedding's claim on October 7, 2016 .

18. Schmedding is entitled to 60% of his Predisability Earnings from October 7, 2016 through the present.

19. Schmedding's is entitled to a monthly LTD disability benefit in the amount of $824.72 from October 7, 2016 to the present.

20. Schmedding provided proof of his debilitating medical conditions. In addition, Schmedding provided The Hartford with completed attending physician statements and extensive medical records that support his disability.

21. Schmedding submitted his appeal on July 25, 2017 .

22. The Hartford issued a final denial on September 7, 2017

23. Schmedding has satisfied the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

24. Schmedding incorporates and realleges all previous allegations.

25. The Plan contains some language purporting to grant Schmedding discretion and to give Schmedding the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Schmedding is entitled to de novo review.

26. Schmedding became disabled on October 23, 2009 and remains unable to perform the duties of any other occupation for which he is qualified based on education, training or experience.

27. Despite the coverage of Schmedding's long-term disability, The Hartford terminated LTD benefits after paying Schmedding LTD benefits for over a year. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

28. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Schmedding is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan.

29. Pursuant to 29 U.S.C. § 1132(g), Schmedding is entitled to recover his attorneys' fees and costs incurred herein from Medcath and the Plan.

30. Schmedding is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Schmedding prays for entry of judgment against Defendants as follows:

A. For all past benefits due Schmedding under the terms of the Plan;

B. For an award of Schmedding's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

-5-

D.  For such other and further relief as the Court deems just and reasonable.

Dated this 23rd day of March 2018.

                              SCHIFFMAN LAW OFFICE, P.C.

                        By: */s/ Lisa J. Counters*
                            Lisa J. Counters

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667